IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 06-CV-01852-LTB-MJW

BACKGROUND INFORMATION SERVICES, INC.,
a Colorado corporation,

v.

BACKGROUND INFORMATION SERVICES, INC.,
an Ohio corporation

## STIPULATED PROTECTIVE ORDER

The parties to this action have stipulated and agreed herein that discovery may involve production of confidential or trade secret information. In view of this stipulation, the Court finds that good cause exists for issuance of a Protective Order. Therefore, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, IT IS HEREBY ORDERED:

1. This Stipulated Protective Order ("Protective Order") governs the handling of specific designated documents, things and other information obtained during the course of discovery in this proceeding. All designated confidential information produced or disclosed in the course of discovery in this proceeding shall be used by the parties receiving it solely for the purpose of preparing for and conducting pretrial and trial proceedings in this proceeding, and for no other purpose.

2. As used in this Protective Order, the term "confidential information" means information stamped as confidential by a party producing such information (the "Producing Party"),and constituting any document, or designated portion of any document, which is confidential or trade secret information which is entitled to protection pursuant to F.R.C.P. 26(c),

whether revealed during a deposition, in a document, in an interrogatory answer, or otherwise, in connection with this litigation.

3. A Producing Party may designate any discovery material as "Confidential" under the terms of this Protective Order by stamping or otherwise designating the document, or the affected portion of the document, as "Confidential" at the time of the production of the materials.

4. "Confidential" discovery material and information derived therefrom shall be produced only to counsel of record for the parties in this proceeding and may be disclosed by such counsel only to the following persons:

    a. The attorneys appearing on behalf of the parties to this proceeding, their respective firms and employees;

    b. Any person expressly retained by any attorney described in subparagraph (a) above or by the parties to assist in the preparation of this proceeding, to testify at trial or for any other proceedings in this proceeding;

    c. The parties to this proceeding and any employee and/or representative designated by a party to act on his, her or its behalf in connection with this litigation;

    d. Any person who is questioned as a witness in this proceeding at a deposition or at trial, but only to the extent that the disclosure takes place in the course of the examination in the presence of opposing counsel;

    e. Any other person whom the Producing Party agrees in writing, or whom the Court directs, should have access to such material; and

    f. The Court and its representatives and employees.

Additionally, a party may disclose material designated as Confidential Information, or information derived therefrom in response to a lawful subpoena in other litigation, provided that prior to responding to such a subpoena a copy of the subpoena shall be provided to counsel for the opposing party as soon as practicable after having been served with the subpoena, and the opposing counsel is allowed time to seek a protective order.

5. A Producing Party also may designate any discovery material as "Confidential—Attorneys Eyes Only" under the terms of this Protective Order by stamping or otherwise designating the document, or the affected portion of the document, as "Confidential—Attorneys Eyes Only" at the time of the production of the materials.

6. "Confidential—Attorneys Eyes Only" discovery material and information derived therefrom shall be produced only to counsel of record for the parties in this proceeding and may be disclosed by such counsel only to the following persons:

    a. The attorneys appearing on behalf of the parties to this proceeding, their respective firms and employees;

    b. The Court and its representatives and employees.

7. In the event a party seeks to maintain as confidential pursuant to this Protective Order all or a portion of any deposition testimony which qualifies for designation as "confidential information" under the standards set forth in paragraph 2 hereof, such party shall assert such intention in writing no later than 7 business days after receipt of the transcript of the deposition in question. All materials in the deposition transcript will be treated as confidential until the foregoing period has expired; thereafter, only those portions properly designated as confidential will be treated as confidential information governed by this Protective Order.

8.      If counsel for either party determines to file in or submit to this Court any discovery material designated as Confidential Information, or information derived therefrom, or any papers containing or making reference to the specific content of such material or information, such material, information or papers shall be filed unfolded in a sealed envelope with a copy of a cover page affixed to the outside of the envelope, pursuant to D.C.COLO.L.CivR 7.3(B), stating:

1) the case caption;

2) the title of the paper or document;

3) the name, address, and telephone number of the attorney or *pro se* party filing the paper or document;

4) a notation that the paper or document is filed under seal; and

5) the title and date of the court order pursuant to which the paper or document is sealed, if applicable, or the citation of the statute or other authority pursuant to which the paper or document is sealed, if applicable.

Copies of the papers or documents in sealed envelops shall be filed in accordance with D.C.COLO.LCivR 10.1L.

9.      Each of the persons listed in paragraph 4 who in the course of this litigation is given access to discovery material designated as Confidential Information or information derived therefrom, shall be advised that the material or information is being disclosed pursuant to and subject to the terms of this Protective Order and may not be disclosed other than pursuant to the terms hereof.

10.     Before any person described in paragraph 4 (b), (c), (d) or (e) above, is given access to any of the discovery materials designated as Confidential Information, he or she shall be given a signed copy of this Protective Order and he or she shall sign a statement acknowledging receipt of a copy of this order, consenting to the jurisdiction of this Court, and agreeing to abide by its terms.  A copy of the signed statement promptly shall be served on all counsel of record.

11.     Entering into, agreeing to and/or complying with the terms of this Protective Order shall not prejudice in any way the right of a party to seek a Court determination (i) whether particular discovery material should be produced, or (ii) if produced, whether such material properly can be considered "confidential information" which should be subject to the terms of this Protective Order.

12.     Within 30 days of the termination of this proceeding all discovery material designated as Confidential Information, and all copies thereof, shall be returned to the Producing Party, or such confidential discovery material shall be certified to have been destroyed.

13.     If any party objects to the designation of any discovery material as Confidential Information, the objecting party must first notify the Producing Party of its objection and the parties shall confer in a good faith effort to resolve their dispute without judicial intervention.  In the event that the parties are unable to resolve the matters in dispute, then the objecting party may move this Court for an order that such discovery material shall not be treated as designated. Until the Court rules on any such motion, the information in question shall be treated as designated Confidential Information and shall be subject to the terms of this Protective Order.

14. Subject to all proper evidentiary objections, any party may use in depositions and at trial any of the information which has been designated as confidential pursuant to the terms of this Protective Order; provided that all parties reserve their respective rights to request the Court to take appropriate measures for depositions and at trial to preserve the confidentiality of such information should such party believe that additional measures are necessary or appropriate.

15. This Protective Order shall be entered of record with the Court and have the force and effect of an Order of the Court. It shall continue fully in effect after the termination of this litigation and may be modified only in writing by further order of the Court.

Dated: February 16, 2007                    Dated: February 15, 2007


  S/F. Stephen Collins                         s/John R. Posthumus
F. Stephen Collins, Esq.                     John R. Posthumus
Joel W. Cantrick, Esq.                       Gayle L. Strong
Ducker, Montgomery, Aronstein & Bess, P.C.   Wm. Alex Furman
1560 Broadway, Suite 1400                    Greenberg Traurig, LLP
Denver, CO 80202                             1200 17th Street, Suite 2400
Telephone: (303) 861-2828                    Denver, Colorado 80202
                                             Telephone: (303) 572-6500

ATTORNEYS FOR PLAINTIFF                      ATTORNEYS FOR DEFENDANT


APPROVED AND MADE AN ORDER OF COURT

Dated this 20th day of February, 2007.

BY THE COURT:

s/Michael J. Watanabe
MICHAEL J. WATANABE
US Magistrate Judge